CARL MILLER LUMBER COMPANY, Plaintiff, vs. FEDERAL HOME DEVELOPMENT COMPANY and others, Defendants: LANNON QUARRIES CORPORATION, Appellant: NATIONAL HOME BUILDERS, INC., Respondent.

*May 9—June 6, 1939.*

510

For the appellant there was a brief by *Alexander, Burke & Clark, Frank P. Burke,* and *Giles F. Clark,* attorneys, and *John J. Burke* of counsel, all of Milwaukee, and oral argument by *John J. Burke.*

For the respondent there was a brief by *Hersh & Morse,* attorneys, and *Henry Taxman* of counsel, all of Milwaukee, and oral argument by *Herbert Morse.*

MARTIN, J. There is no dispute as to the material facts. In August, 1936, and prior to the 27th day of August, defendants, John B. Schuster and Thelma N. Schuster, his wife, entered into a contract with the defendant, Federal Home Development Company, whereby said Federal Home Development Company agreed to build and construct a building and furnish the labor and materials therefor upon certain premises owned by defendants, John B. and Thelma N. Schuster. It is alleged in appellant's cross complaint that between the 4th day of September, 1936, and the 19th day of November, 1936, it sold and delivered to the Federal Home Development Company, at its special instance and request, certain building materials consisting of lannon veneer stone, for which defendant, Federal Home Development Company agreed to pay the sum of $270; that no part of said sum has been paid excepting a certain credit in the sum of $11.46. However, it appears that the material furnished by appellant was actually delivered on the job between

September 4th and September 17, 1936. It further appears that there were two separate orders, the first order being for approximately one thousand square feet stone veneer at eighteen cents per square foot delivered. This order was dated August 27, 1936. On September 4th, Federal Home Development Company placed an order for an additional quantity of five hundred square feet stone veneer at eighteen cents per square foot delivered. The quantity specified in the last order was delivered by truck to the job between September 11th and September 17, 1936. Appellant furnished no additional material. It appears that when the job was finished, at least so far as stone veneer was concerned, appellant about the middle of November, 1936, at the direction of an officer of the Federal Home Development Company, took away from the job approximately eighty square feet of the stone veneer which was left over. On November 18, 1936, appellant issued a credit order to the account of Federal Home Development Company for the eighty square feet of stone veneer returned, amounting to $14.40, less a charge of $1.50 for trucking same, plus ten per cent deducted reclaim charges, leaving a net credit of $11.46. On December 5, 1936, appellant filed its claim for a lien, and in this connection, contends that the sixty-day period mentioned in sec. 289.06, Stats., commenced to run as of November 18th. The defendant, Federal Home Development Company, claims that the last charge for materials furnished was on September 26th; that what appellant did thereafter was merely to remove the unused stone from the job.

The sole question is whether under the statute appellant has lost its lien by not filing its claim timely. Sec. 289.06, Stats., provides:

"*Filing claim and beginning action.* No lien shall exist and no action to enforce the same shall be maintained *unless within sixty days* in all cases provided for in section 289.02 and within six months in all cases provided for in 289.01

*from the date of the last charge for labor or materials* a claim for such lien shall be filed in the office of the clerk of the circuit court. . . ."

Prior to the amendment of this section by sec. 90, ch. 483, Laws of 1935, it read:

". . . from the date of the last charge for performing such work and labor or of the furnishing of such materials. . . ."

Appellant contends that by striking the words "performing" and "furnishing" in the 1935 amendment, the legislature intended that the time when the lien was to start to run "was not the last date that the materials were actually delivered at the premises, but rather that the last charge for such materials meant the last act done in the execution of the contract," which it claims was the date that the eighty square feet of stone veneer were taken back by appellant. In this connection it should be noted that the 1935 amendment was a part of the revisor's bill, and that in construing acts which revise or restate the law, the presumption is that no change in substance was intended unless the change in language clearly indicates an intention to change the substance. *Hillier v. Lake View Memorial Park,* 208 Wis. 614, 621, 243 N. W. 406. Appellant contends that the "last charge for materials" means the last act done in the execution of the contract, namely, the picking up of the materials on November 18, 1936, at which time a charge was made by appellant for trucking the materials from the premises back to the quarry and for reclaiming the materials. Appellant cites *Fowler v. Bailley,* 14 Wis. *125, *131, which was an action to enforce a lien for materials furnished in the construction of a mill, in which case the court said:

"We understand the law upon this subject to be, that when a party furnishes materials in pursuance of a contract, he is in time if he files his petition within one year from the date of the last act done in execution of it."

It should be noted that in the *Fowler-Bailley Case* the court found that the claim was filed within the required period from which "the last article was furnished." In the instant case, both orders were for a definite quantity of stone veneer at a definite price, delivered on job. The charge for the last stone delivered was on September 26, 1936. There is not a word in the order, acknowledgment, or invoice to indicate any right to return any part of the unused stone or to indicate any obligation on the part of appellant to take back any of the unused stone. Appellant's subcontractor's notice of lien states that appellant has been employed "to furnish materials." Sec. 289.06, Stats., is clear and definite that a subcontractor must file his lien within sixty days from the date of the last charge for labor or materials furnished. Appellant not having filed his claim for a lien within sixty days from September 26, 1936, has lost same.

*By the Court.*—Judgment affirmed.